

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave NW
Washington, DC 20530

Tel: 202-616-4171

VIA CM/ECF

June 17, 2026

Susan E. Bindler, Clerk
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

RE: *Walmsley v. FTC*, No. 23-2687 (8th Cir.)

Dear Ms. Bindler:

The Fifth Circuit's recent decision in *National Horsemen's Benevolent & Protective Association v. Black (Horsemen III)* does not aid plaintiffs' claims. 2026 WL 1689717 (5th Cir. June 11, 2026). In that case, the Fifth Circuit merely "reissue[d]" its prior decision holding that the Horseracing Integrity and Safety Act's enforcement provisions violate private-nondelegation principles. *Id.* at \*1; *see also id.* at \*15 (concluding that the Supreme Court's intervening decision in *FCC v. Consumers' Research*, 606 U.S. 656 (2025) "did not alter" the relevant legal standards and so did not "change the outcome"). But this Court has already rejected the Fifth Circuit's constitutional analysis, agreeing instead with the Sixth Circuit's reasoning that the Federal Trade Commission's rulemaking and revision authority gives the Commission "pervasive oversight and control of the Authority's enforcement activities." *Walmsley v. FTC*, 117 F.4th 1032, 1039–41 (8th Cir. 2024), *reh'g granted, cert. granted, judgment vacated*, 145 S. Ct. 2870 (2025) (vacating and remanding "for further consideration in light of" *Consumers' Research*).

Appellate Case: 23-2687     Page: 1     Date Filed: 06/17/2026 Entry ID: 5652278

As the Commission explained and as the Sixth Circuit again held, *Consumers' Research* only confirms the correctness of this Court's earlier analysis. *See* FTC Supp. Br. 6–23; *Oklahoma v. United States*, 163 F.4th 294 (6th Cir. 2025). In *Consumers' Research*, the Supreme Court upheld a private entity's role in implementing a federal scheme against a private-nondelegation challenge and, in doing so, emphasized that statutes should not be read "extravagantly" to create a constitutional problem. 606 U.S. at 690, 692–95. *Consumers' Research* thus underscores that this Court was correct in its earlier decision upholding the Act from facial private-nondelegation challenges. *Walmsley*, 117 F.4th at 1038–40. Indeed, as this Court has already recognized, "[t]o subordinate the Authority's enforcement activity . . . , the Commission need only work within the structure of the Act as designed, not create a new statutory regime." *Id.* at 1040.

Sincerely,

Daniel Aguilar
*/s/ Caroline Tan*
Caroline W. Tan
Attorneys

cc:     all counsel (via CM/ECF)